UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21259-CIV-SEITZ/O'SULLIVAN

UMG RECORDINGS, INC., a Delaware corporation;
ARISTA RECORDS LLC, a Delaware limited
liability company; VIRGIN RECORDS AMERICA, INC.,
a California corporation; CAPITOL RECORDS, LLC,
a Delaware limited liability company; and
WARNER BROS. RECORDS INC., a
Delaware corporation,

       Plaintiffs,
v.

JOSE ROQUE,

       Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT

THIS CAUSE is before the Court upon Plaintiffs' Application for Entry of Default Judgment by the Court [DE-8] ("Plf's App.")  Plaintiffs UMG Recordings, Inc., Arista Records LLC, Virgin Records America, Inc., Capitol Records, LLC and Warner Bros. Records, Inc. (collectively "Plaintiffs"), move for entry of default judgment, permanent injunction and statutory damages against Defendant Jose Roque ("Defendant") for alleged violations of the Copyright Act, 17 U.S.C. § 501 *et seq.*  Due to Defendant's failure to appear, plead or otherwise defend this action, along with Plaintiffs' evidentiary submissions in support of their motion, entry of final default judgment, permanent injunction and a statutory damages award is proper and will be granted.

1

## I. Factual and Procedural Background

Plaintiffs are owners or licensees of many federally-registered copyrighted sound recordings. Compl. ¶ 11. Eight of Plaintiffs' copyrighted sound recordings are listed in Exhibit A to Plaintiffs' Complaint and attached hereto as Exhibit A (the "Copyrighted Recordings"). Plaintiffs allege that Defendant, without the permission or consent of Plaintiffs, had continuously used, and continued to use a P2P network to download and/or distribute to the public the Copyrighted recordings. Compl. ¶ 15.

On April 30, 2008, Plaintiffs filed a one count complaint against Defendant for copyright infringement based on the illicit copying of the Copyrighted Recordings. Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c), injunctive relief pursuant to 17 U.S.C. §§ 502 and 503, and the costs of this action under 17 U.S.C. § 505. *See* Compl. ¶¶ 19-20. Specifically, Plaintiffs request the minimum statutory damage award ($750) for each of the 8 recordings involved for a total of $6,000, costs of the action totaling $420, and a permanent injunction prohibiting Defendant from present and future infringement. *See* DE-8 (Plf's App. ¶ 4).

Defendant was served with the Complaint on May 17, 2008. *See* DE-5 (Return of Service). Defendant failed to answer or otherwise appear and defend the action within the time allowed by law, therefore the Clerk of Court, upon Plaintiff's motion, entered default against Defendant on June 25, 2008. *See* DE-7 (Clerk's Entry of Default). On July 1, 2008 Plaintiffs filed and served the instant application for entry of final default judgment, to which Defendant has also failed to respond.

## II. Default Judgment Standard

Fed. R. Civ. P. 55(b)(2) authorizes a court to enter a default judgment against a properly

served defendant who, like Defendant here, fails to file a timely responsive pleading.[1] By defaulting, all of Plaintiffs' well-pled allegations in their Complaint are deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Petmed Express, Inc. v. Medpets.com*, 336 F. Supp.2d 1213, 1217 (S.D. Fla. 2004). If the admitted facts in the Compliant establish liability, then the Court must determine appropriate damages. Where all the essential evidence is of record, an evidentiary hearing on damages is not required, especially when, as here, Plaintiffs seek statutory damages.[2] *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone .... We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Petmed Express*, 336 F. Supp.2d at 1223 (award of statutory damages without a hearing); *Elektra Ent. Group, Inc. v. Keys*, No. 06-2047, 2007 WL 81912 (N.D. Cal., Jan. 9, 2007) (entering default judgment, permanent injunction and statutory damages in copyright case without a hearing).

### III. Copyright Liability

The allegations in Plaintiffs' Complaint, accepted as admitted by Defendant, amply support a finding of liability against Defendant for copyright infringement. To prevail on their claim, Plaintiffs must show: (1) that they own valid copyrights in the Copyrighted Recordings in issue, and (2) that Defendant copied original elements of the copyrighted materials. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster*, 125 S.Ct. 2764, 2772 (2005); *Elektra Ent. Group, Inc.*

---

[1] Defendant is not a minor, and incompetent person, or a member of the military, *see* DE-9, (Restall Decl. ¶ 4), another requirement prior to entry of default. *See* 50 U.S.C. App. § 520(1).

[2] Plaintiffs have elected to recover statutory damages in lieu of actual damages, as allowed by 17 U.S.C. § 504(c).

226 F.R.D. 388, 392 (C.D. Cal. 2005); *Sony Music Ent Inc. v. Elias*, No 03-6387, 2004 WL 141959, at *3 (C.D. Cal., Jan. 20, 2004). Here, Plaintiffs have shown that they own or license valid copyrights in the twelve Copyrighted Recordings in Exhibit A. *See* Compl. ¶ 11. They also establish that Defendant copied (by way of downloading) the Copyrighted Recordings without consent. *See* Compl. ¶ 15. Being unopposed, this is sufficient to establish liability for copyright infringement. *See Eleckra Ent. Group.*, 226 F.R.D. at 392-93 (unopposed allegations of unconsented downloading of copyrighted music sufficient to establish default judgment for copyright infringement); *see also Sony BMG Music Ent., v. Villareal*, No. 06-CV-323, 2007 WL 81822, *2 (M.D. Ga., Jan 5, 2007) (same).

### IV.     Injunctive Relief

Having found liability for copyright infringement, the Court has the authority under the Copyright Act to grant injunctive relief to prevent further violations of Plaintiffs' copyrights. *See* 17 U.S.C § 502; *Pacific & Southern Co. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984); *Sony Music Ent. Inc v. Global Arts Prod.*, 45 F. Supp.2d 1345, 1347 (S.D. Fla. 1999). Given the scope of Defendant's infringing conduct; the pernicious effects of using the internet to not only download but distribute infringing material to others;[3] the serious continuing harm to Plaintiffs' fiscal well-being from music piracy; and Defendant's failure to acknowledge Plaintiffs' Complaint, an injunction is warranted to prevent any more present or future infringing conduct. *See, e.g., Sony Music Ent.*, 45 F. Supp.2d at 1347; *Arista Recordings, Inc. v. Beker Ent., Inc.*, 298

---

[3] *See In re Aimster Copyright Litig.*, 334 F.3d 643, 645-47 (7th Cir. 2003) (highlighting the ills of internet music swapping and commenting that just one download of "a single CD could be levered into the distribution within days or even hours of millions of identical, near-perfect (depending on the compression format used) copies of the music recorded on the CD--hence the recording industry's anxiety about file-sharing services oriented toward consumers of popular music.").

F. Supp.2d 1310, 1314 (S.D. Fla. 2003) ("Injunctions are regularly issued pursuant to the mandate of Section 502 [of the Copyright Act] because the public interest is the interest in upholding copyright protection.").

### V.     Statutory Damages

Plaintiffs have elected to seek statutory damages rather than actual damages for each of the eight copyright violations pursuant to 17 U.S.C. § 504(c).  Courts have found statutory damages especially appropriate in default judgment cases.  *See Petmed Express*, 336 F. Supp.2d at 1220 (citing *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp.2d 161, 165 (S.D.N.Y. 1999)).  Indeed, because Plaintiffs would have difficulty submitting evidence of actual damages due to Defendant's failure to defend the action, statutory damages offer the Court discretion to enter judgment in spite of the lack of such evidence.  Statutory damages for copyright infringement are to be (1) not less than $750 or more than $30,000 with respect to any one work, as the Court considers just; or (2) if the Court finds the infringement willful, not more than $150,000.  *See* 17 U.S.C. § 504(c).  The Court possesses wide latitude in determining the amount of statutory damages from within the given statutory range.  *See Eleckta Ent. Group*, 226 F.R.D. at 394.  Here, exercise of that discretion is straightforward because Plaintiffs have sought only the minimum statutory amount available.  At $750 per violation, the total statutory damages amount to $6,000.

### VI.    Attorneys Fees, Investigation Costs and Court Costs

Court costs are awarded to a prevailing party in a patent infringement action as a matter of the trial court's sound discretion.  *See* 17 U.S.C. § 505; *Elektra Ent. Group*, 226 F.R.D. at 395.  Plaintiffs' request a total of $420 in filing fees and service costs under Section 505.  *See* Compl. ¶

19; Restall Decl. ¶ 5. This amount is reasonable and will be awarded.

Accordingly, for the reasons set forth above, it is hereby

ORDERED that:

(1) Plaintiffs' Application for Entry of Default Judgment by the Court [DE-8] is GRANTED;

(2) Plaintiffs UMG Recordings, Inc., Arista Records LLC, Virgin Records America, Inc., Capitol Records, LLC and Warner Bros. Records, Inc. are entitled to judgment against Defendant Jose Roque in the amount of **$6,420.00**, consisting of $6,000 in statutory damages and $420 in litigation costs;

(3) This judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961;

(4) A separate final judgment shall enter concurrently with this Order;

(5) The Court will enter a permanent injunction as part of the separate final judgment;

(6) Any other pending motions not otherwise ruled upon are DENIED AS MOOT; and this case is CLOSED.

ORDERED in Miami, Florida this _22nd_ day of July, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge O'Sullivan
      Counsel of Record

# EXHIBIT A

## JOSE ROQUE

**IP Address:** 76.109.242.128 2007-07-11 22:33:00 EDT  **CASE ID#** 135835606

**P2P Network:** Gnutella  **Total Audio Files:** 541

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| UMG Recordings, Inc. | Sum 41 | In Too Deep | All Killer No Filler | 298-689 |
| Arista Records LLC | Outkast | Ghetto Musick | Speakerboxxx/The Love Below | 340-520 |
| UMG Recordings, Inc. | Blink-182 | All the Small Things | Enema of the State | 279-826 |
| Virgin Records America, Inc. | Smashing Pumpkins | 1979 | Mellon Collie and the Infinite Sadness | 183-904 |
| Capitol Records, Inc. | Yellowcard | Way Away | Ocean Avenue | 343-413 |
| Warner Bros. Records Inc. | Red Hot Chili Peppers | Under the Bridge | Blood Sugar Sex Magik | 135-276 |
| UMG Recordings, Inc. | The Police | King Of Pain | Synchronicity | 44-862 |
| UMG Recordings, Inc. | Weezer | Say It Ain't So | Weezer (Blue Album) | 187-644 |

{TP372802;1}